UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARC ANTHONY MANNS,          :
                             :
            Petitioner       :
                             :    CIVIL NO. 1:CV-07-2251
      vs.                    :
                             :    (Judge Caldwell)
WARDEN USP ALLENWOOD, et     :
al.,                         :
                             :
            Respondents.     :

*M E M O R A N D U M*

I.    *Introduction*

Marc Anthony Manns, an inmate at USP-Allenwood, White Deer, Pennsylvania, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has named two respondents. One of them is Allenwood's warden, and the other is described as the Danbury district attorney, Danbury, Connecticut. The latter's title, we believe, is more accurately phrased as the state's attorney of the superior court of Danbury, Connecticut.

The petition seeks dismissal of charges that may be pending against Manns in Danbury Superior Court. In any event, Connecticut has placed a detainer on file at Allenwood against Petitioner based on an arrest warrant for the charges. Manns seeks dismissal of the charges on the ground that Connecticut has violated the Interstate Agreement on Detainers Act (IADA), 18

U.S.C. App. 2, § 2, Article III, by failing to respond to his request for a trial within the 180-day time frame prescribed by the IADA.

Because the United States District Court for the District of Connecticut has concurrent jurisdiction over this petition and because Manns is challenging a detainer issued from that state, this petition is better adjudicated in the District of Connecticut and will be transferred there.

II.   *Background*

The petition alleges the following. Manns is currently housed at USP-Allenwood and has a projected release date of October 3, 2010. In the summer of 2004, the state's attorney of the superior court of Danbury, Connecticut, lodged a detainer against him on the basis of an arrest warrant for charges of Robbery First Degree and Conspiracy to Commit First Degree Robbery. On July 2, 2004, the Bureau of Prisons (BOP) issued a Detainer Action Letter to the Danbury Police Department notifying them of Manns' expected release date. (Doc. 1, Petition).

On October 20, 2004, an Inmate Systems Manager at USP-Allenwood wrote to the state's attorney, advising him that Manns, pursuant to the IADA, had requested that he be brought to trial on

-2-

the outstanding charges within 180 days.[1] The letter also advised that the 180-day period was expected to expire on January 18, 2005. On January 19, 2005, the BOP Inmate Systems Manager sent a follow-up letter to the state's attorney, stating that the 180-day IADA period for Manns to be brought to trial would lapse. Both letters asked the state's attorney to notify the BOP what Connecticut intended to do in Manns' case. (*Id.*) Neither Manns nor the BOP received a response. (*Id.*)

In February 2007, Manns sought relief through the BOP's administrative process, requesting that the Connecticut detainer be removed from his file because it was negatively affecting his custody classification. (*Id.*) The BOP denied relief at all levels, citing its attempts to resolve the matter with the charging prosecutor and its lack of authority to remove the detainer on its own: "Only the state may authorize the removal of its detainer, [and t]he inmate must address any request regarding a possible violation of the IADA to the appropriate state court." (Doc. 1, Petition at R. 20; RR. 20-22).[2]

---

[1] These requests were apparently made in July 2004. (Doc. 1. Petition, administrative remedy form, dated February 8, 2007).

[2]  "R." or "RR." references are to the CM/ECF pagination of the document cited.

III.   *Discussion*

Manns can use section 2241 to challenge the state detainer, *see Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 488-89, 93 S.Ct. 1123, 1126, 35 L.Ed.2d 443 (1973), and he has named the proper respondent, the Connecticut state's attorney, "the person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 438, 124 S.Ct. 2711, 2720, 159 L.Ed.2d 513 (2004).[3]

We have concurrent jurisdiction with the District of Connecticut over this petition. *Braden*, *supra*, 410 U.S. at 499 n.15, 93 S.Ct. at 1131 n.15, certainly concurrent subject-matter jurisdiction.[4] However, since the records and witnesses relevant to the detainer are in the District of Connecticut, we will transfer the petition there pursuant to 28 U.S.C. § 1404(a).[5] *Id. See also Davis v. Fox*, No. 07-570, 2007 WL 4591243 (E.D. Tex. Dec. 27, 2007)(transferring 2241 petition in the interest of justice to

---

[3] As noted, Petitioner also named Allenwood's warden as a respondent, but the warden is generally only a proper respondent for a challenge to immediate physical custody, not to potential future custody, the case here. *Id.* at 435-36, 124 S.Ct. at 2718.

[4] And if we were to require a response, and the state's attorney decided to voluntarily appear, there would be no doubt as to personal jurisdiction as well.

[5] A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought.

-4-

district court with jurisdiction over the officials who issued the detainer); *George v. United States*, No. 07-110, 2007 WL 3405420, N.D. W. Va. Nov. 9, 2007)(same); *Ross v. Sedgwick County District Attorney's Office*, 2007 WL 1577791 (W.D. Okla. May 31, 2007) (dismissing a 2241 petition challenging a detainer without prejudice to filing in the federal court with jurisdiction over the official who issued the detainer).

      We will issue an appropriate order.

                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge

Date: April 24, 2008

```
              UNITED STATES DISTRICT COURT FOR THE
                 MIDDLE DISTRICT OF PENNSYLVANIA


MARC ANTHONY MANNS,              :
                                 :
               Petitioner        :
                                 :   CIVIL NO. 1:CV-07-2251
          vs.                    :
                                 :   (Judge Caldwell)
WARDEN USP ALLENWOOD, et         :
al.,                             :
                                 :
               Respondents.      :
```

*O R D E R*

AND NOW, this 24th day of April, 2008, for the reasons set forth in the accompanying memorandum, it is ordered that:

1. The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut.

2. The Clerk of Court is directed to close this case.

<u>/s/William W. Caldwell</u>
William W. Caldwell
United States District Judge